1

CHRISTINE S. HASKETT (Cal. Bar No. 188053)
Email: haskettcs@cov.com

2

COVINGTON & BURLING LLP
One Front Street

3

San Francisco, CA 94111
Telephone: (415) 591-6000

4

Facsimile: (415) 591-6091

**FILED**

5

JAN 23 2012

6

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8

9

UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

CV 12    80    013

13

*In re* Ex Parte Application of

JW

14

APPLE INC.; APPLE RETAIL GERMANY
GMBH; and APPLE SALES
INTERNATIONAL,

Case No.:

15

Applicants,

**EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28
U.S.C. § 1782 GRANTING LEAVE TO
OBTAIN DISCOVERY FOR USE IN
FOREIGN PROCEEDINGS AND
SUPPORTING MEMORANDUM**

16

For an Order Pursuant to 28 U.S.C. § 1782
Granting Leave to Obtain Discovery from
Nokia Inc. for Use in Foreign Proceedings.

17

18

19

Apple[1] applies to the Court *ex parte*[2] for an order pursuant to 28 U.S.C. § 1782

20

granting Apple leave to obtain targeted discovery from Nokia, Inc. for use in foreign litigations.

21

22

[1] Except as otherwise indicated, as used herein, "Apple" means Apple Inc.; Apple Retail
Germany GmbH; and Apple Sales International.

23

[2] Courts within this Circuit have authorized the *ex parte* filing of applications for discovery
under 28 U.S.C. § 1782. *E.g., In re Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 U.S.

24

Dist. LEXIS 102158, at *7 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of
presenting the request to a court and to obtain the order authorizing discovery to be conducted

25

ex parte. Such ex parte applications are typically justified by the fact that the parties will be
given adequate notice of any discovery taken pursuant to the request and will then have the

26

opportunity to move to quash the discovery or to participate in it.") (Internal quotations and
citations omitted).

27

28

1   This application is supported by the memorandum of points and authorities below and the

2   Declaration of Christine Haskett, filed concurrently herewith. The proposed order and subpoena

3   are attached to this application as Exhibits A and B, respectively.

4   **I.      INTRODUCTION**

5           Motorola Mobility Inc. and Motorola, Inc. (collectively "Motorola") have filed

6   lawsuits against Apple in the United States and Germany. These lawsuits allege Apple's

7   products infringe patents that Motorola has declared essential to practice various

8   telecommunications standards. Under 28 U.S.C. § 1782, interested parties, such as Apple, may

9   obtain discovery for use in foreign litigations from companies located within the United States.

10          In support of its defenses to the actions filed by Motorola against Apple in

11  Germany, Apple seeks narrowly-tailored discovery from another wireless device manufacturer,

12  Nokia Inc. ("Nokia"). Specifically, Apple seeks documents relating to whether Nokia had or has

13  a license or is or was otherwise authorized to practice some or all of the patents that have been

14  asserted by Motorola against Apple.

15          Apple's application satisfies Section 1782's three statutory requirements. First, it

16  is in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Nokia's main

17  regional office is in Sunnyvale, California. Second, Apple seeks the discovery "for use in a

18  proceeding in a foreign ... tribunal," *id.*, including the Higher District Court of Karlsruhe,

19  Germany and the District Courts of Mannheim and Dusseldorf, Germany. Third, Apple and its

20  foreign subsidiaries qualify as "interested persons" in those foreign proceedings. *See id.; Intel*

21  *Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are common

22  example of "interested persons").

23          Moreover, the factors identified by the Supreme Court to guide courts' discretion

24  in analyzing applications under Section 1782 all favor granting Apple's request. Nokia is not a

25  participant in the foreign proceedings, and Section 1782 provides an effective mechanism for

26  obtaining this targeted discovery across various cases. In addition, the foreign jurisdictions at

27

28

EX PARTE APPLICATION FOR
AN ORDER PURSUANT TO
28 U.S.C. § 1782

issue are receptive to the type of discovery sought by Apple, the discovery provides key information for the foreign proceedings, and the request is not made to circumvent any limitation on discovery imposed by the foreign courts. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome.

Accordingly, Apple respectfully requests that the Court enter the order attached as Exhibit A, allowing Apple to serve the subpoena attached as Exhibit B.

## II.    FACTUAL BACKGROUND

Motorola has filed lawsuits against Apple in the United States, before the International Trade Commission, and in Germany. The functionalities accused by Motorola in many of these actions relate to the wireless communications functionality of the iPhone and iPad. (Haskett Decl. ¶ 10.) Nokia manufactures wireless communication devices. (Haskett Decl. ¶ 10.) Motorola's German lawsuits are pending in Germany's Higher District Court of Karlsruhe, Mannheim District Court, and Dusseldorf District Court. (*Id.* ¶¶ 4-7 ).

## III.    ARGUMENT

### A.    Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-249. Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The order may be made ... upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements, authorizing the district court "to grant a Section 1782 application where (1) the person from whom discovery is sought

| | |
|---|---|
| | EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 |

3

resides or is found in the district of the district court to which the application is made, (2) the

discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by

a foreign or international tribunal or 'any interested person." *In re Ecuador*, No. C-10-80225

MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158, at *4 (N.D. Cal. Sept. 15, 2010) (quoting

*In re Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010)).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district

courts in determining how to exercise their discretion in granting Section 1782 applications.

These factors include: (1) whether "the person from whom discovery is sought is a participant in

the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings

underway abroad, and the receptivity of the foreign government or the court or agency abroad to

U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent

foreign proof-gathering restrictions or other policies of a foreign country or the United States";

and whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

> **B.    Apple's Application Meets the Section 1782 Requirements.**

Apple's request for discovery meets each of the three statutory requirements.

First, the person from whom discovery is sought, Nokia, "resides or is found" in this District. 28

U.S.C. § 1782(a). Nokia has its main regional office at 200 South Matilda Avenue, W

Washington Ave., Sunnyvale, California, which is located within this District. (Haskett Decl.

Ex. 1 (excerpt of Nokia's webpage: http://www.nokia.com/global/contact/.)

Second, the discovery is sought for use in a "proceeding before a foreign

tribunal." 28 U.S.C. § 1782(a). Specifically, Apple seeks the information for use in establishing

at least the defense of license, unfair competition, and/or antitrust defenses in patent

infringement actions brought by Motorola in three foreign tribunals: the Mannheim District

Court, the Dusseldorf District Court, and the Higher District Court of Karlsruhe.

As previous cases have recognized, these and related foreign adjudicative bodies

qualify as "tribunals" for purposes of Section 1782. *See, e.g., Cryolife, Inc. v. Tenaxis Medical,*

| | EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 |
|---|---|

4

*Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1, 5 (N.D. Cal. Jan. 13, 2009)

(permitting discovery for use in patent infringement suit pending in "Dusseldorf Regional Court

in Germany").

Third, as named parties in the foreign actions, Apple and its subsidiaries qualify

as "interested part[ies]." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are

included among ... the 'interested person[s]' who may invoke § 1782"); *see Heraeus Kulzer,*

*GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011).

Accordingly, Apple has satisfied the statutory requirements for an application

under 28 U.S.C. § 1782.

C.    **The Supreme Court's *Intel* Factors Strongly Favor Granting Apple's Application.**

In addition, the factors identified by the Supreme Court in *Intel* and later cases

weigh heavily in favor of the Court exercising its discretion to grant Apple's request for

discovery.

1.    **Nokia Is Not a Party to the Foreign Proceedings.**

The *Intel* Court first asked whether "the person from whom discovery is sought is

a participant in the foreign proceeding." *Intel*, 542 U.S. at 264 (noting that "nonparticipants in

the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their

evidence, available in the United States, may be unobtainable absent § 1782 aid"). Here, Nokia

is not a party to the foreign litigations, and the material sought—licenses and communications in

Nokia's possession—may not be within the foreign tribunal's jurisdictional reach. *See Heraeus*

*Kulzer*, 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not

"obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife*, 2009

| | EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 |
|---|---|

U.S. Dist. LEXIS 3416 at * 13 (holding that "petitioner need only show that the information" sought under Section 1782 "will be useful").[3]

### 2.    Apple Seeks Highly Relevant Information That Will Assist the Foreign Courts.

The *Intel* Court next counseled courts to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve Motorola's allegations of patent infringement, discovery regarding potentially relevant license agreements would be critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under Section 1782). In particular, licenses that Motorola has granted to other providers of wireless devices are relevant to Apple's potential liability in the foreign proceedings.

Moreover, prior cases have recognized the receptiveness of German courts to the use of discovery obtained through Section 1782. *E.g., Heraeus Kulzer*, 633 F.3d at 597; *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *8-9.

### 3.    No Foreign Discovery Restrictions Bar Apple's Requested Discovery.

28 U.S.C. § 1782 does not require that the documents sought be discoverable in the foreign courts. *Intel*, 542 U.S. at 260-63. However, a district court may consider whether an

---

[3] Courts frequently grant Section 1782 discovery even from parties to foreign cases. *E.g., Heraeus Kulzer*, 633 F.3d at 596 (permitting Section 1782 discovery from opposing party in foreign suit and noting "[t]he importance of American-style discovery to [plaintiff/applicant's] ability to prove" its case); *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *1-2, 15 (same); *In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1113, 1118 (E.D. Wise. 2004) (granting Section 1782 request for discovery from entity involved in multiple foreign suits against applicant).

EX PARTE APPLICATION FOR
AN ORDER PURSUANT TO
28 U.S.C. § 1782

1    applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other

2    policies of a foreign country or the United States." *Id*. at 265.[4] Here, Apple is unaware of any

3    restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks

4    through Section 1782. To the contrary, as noted above, courts have routinely granted

5    applications under Section 1782 for evidence to be used in the foreign courts at issue here. *E.g.,*

6    *Heraeus Kulzer*, 633 F.3d at 597.

7                    **4.      Apple's Discovery Is Narrowly Tailored to Avoid Undue Burden.**

8                    The *Intel* Court finally noted that "unduly intrusive or burdensome requests may

9    be rejected or trimmed." *Intel*, 542 U.S. at 265. Here, Apple's proposed discovery requests are

10   narrowly tailored and minimally burdensome. Apple is requesting document discovery on only

11   two topics, targeted to a small, discrete set of documents: intellectual property licenses between

12   Nokia and Motorola and communications regarding the licenses. The universe of responsive

13   documents is thus likely to be small and easily searchable, avoiding any undue burden on Nokia.

14                   **5.      Granting Apple's Section 1782 Request Would Promote Efficient
                              Discovery.**
15

16                   Courts have also considered other evidence bearing on whether the discovery

17   sought accomplishes the goals of the statute, which include "providing efficient means of

     assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v.*
18
     *LBA Y.K*, 335 Fed. App'x. 95, 96 (2d Cir. 2009) (internal quotation omitted). Here, given the
19
     multiple German cases between Apple and Motorola, Section 1782 provides an effective means
20

21   _____

22   [4] *See also In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof that a
     foreign tribunal would *reject* evidence obtained with the aid of Section 1782 should a district
23   court refrain from granting the assistance offered by the act.") (emphasis in original); *Euromepa
     S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (permitting discovery under
     Section 1782 and observing that court "can simply refuse to consider any evidence that [1782
24   applicant] gathers by what might be—under French procedures—an unacceptable practice");
     *Procter & Gamble*, 334 F. Supp. 2d at 1116 (holding that "to decline a § 1782(a) request based
25   on foreign nondiscoverability, a district court must conclude that the request would undermine a
     specific policy of a foreign country or the United States").
26

27
                                                      ┌─────────────────────────────┐
28                                                     EX PARTE APPLICATION FOR
                                                       AN ORDER PURSUANT TO
                                                       28 U.S.C. § 1782

1    for obtaining the discovery sought by Apple. Rather than seeking the same discovery in each of

2    the foreign litigations, Apple can obtain the discovery with one application under Section 1782.

3    *Procter & Gamble*, 334 F. Supp. 2d at 1115 (observing that it would be inefficient to require

4    party to patent infringement actions in Germany, Japan, the Netherlands, France and the United

5    Kingdom "to seek the same discovery" in each of them).

6                    *        *        *

7                    Accordingly, the Intel factors strongly favor the Court exercising its discretion to

8    grant Apple's application. Indeed, courts in this Circuit have routinely permitted discovery

9    under Section 1782, when, as here, the applicant has satisfied the statutory requirements and the

10   above factors weighed in favor of granting relief. *E.g.*, *In re Am. Petroleum Institute*, 11-80008-

11   JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (Haskett Decl. Ex. 3); *In re Ecuador*, 2010 WL

12   3702427, at *2; *London*, 279 F. App'x at 513; *Chevron Corp. v. E-Tech Int'l*, 2010 WL

13   3584520 (S.D. Cal. Sept. 10, 2010); *Govan Brown & Assocs. v. Doe*, No. 10-2704-PVT, 2010

14   U.S. Dist. LEXIS 88673, at *7-8 (N.D. Cal. Aug. 6, 2010); *Mirana v. Battery Tai-Shing Corp.*,

15   No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (Haskett Decl. Ex. 4).

16   **IV.    CONCLUSION**

17                   Apple seeks narrowly tailored discovery for use in several currently pending

18   foreign proceedings.   Because Apple's request satisfies the three statutory requirements of 28

19   U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the application, Apple

20   respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing

21   the issuance of a subpoena in substantially the same form as Exhibit B.

22

23

24   Dated:    1/20/2012                              /s/Christine S. Haskett
                                                      Christine S. Haskett
25                                                    COVINGTON & BURLING LLP

26                                                    Attorneys for applicant Apple, Inc.

27

28                                                                    EX PARTE APPLICATION FOR
                                                                      AN ORDER PURSUANT TO
                                                                      28 U.S.C. § 1782

                                          8

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of | Case No. |
| APPLE INC.; APPLE RETAIL GERMANY GMBH; and APPLE SALES INTERNATIONAL,<br><br>          Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Nokia Inc. for Use in Foreign Proceedings. | [PROPOSED] ORDER GRANTING APPLE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS |

ORDER RE EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782

This matter comes before the Court on the *Ex Parte* Application of Apple Inc.; Apple Retail Germany GmbH; and Apple Sales International ("Apple") for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) (the "Application"), which seeks documents from Nokia Inc. ("Nokia") in connection with various foreign patent litigations pending between Apple and Motorola, Inc., Motorola Mobility, Inc. and their affiliates.

The Court, having fully considered the papers on file and submitted herewith, and good cause appearing:

**HEREBY GRANTS** the Application of Apple.

**IT IS HEREBY ORDERED THAT APPLE IS GRANTED LEAVE TO** issue a subpoena for documents in substantially the form attached as Exhibit B to the Application, directing Nokia to produce the documents requested in the subpoena at the offices of counsel for Apple, Covington & Burling LLP, One Front Street, San Francisco, CA or another location mutually agreeable to Apple and Nokia.

It is further ORDERED that copies of the Application and Memorandum in Support thereof and this Order shall be mailed to the following:

> Nokia Inc.
> 200 South Matilda Avenue, W. Washington Ave Sunnyvale, California, 94086

**IT IS SO ORDERED.**

Dated: _____

_____
United States District Judge

ORDER RE EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782

EXHIBIT B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| IN RE App'l of Apple Inc et al. 28 USC 1782 | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Nokia Inc.
     200 South Matilda Avenue, W. Washington Ave, 94086 Sunnyvale, CA

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

     See Attachment A.

| Place: Covington & Burling LLP | Date and Time: |
|---|---|
| One Front Street | |
| San Francisco, CA 94111 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  1/20/12

                    *CLERK OF COURT*
                                                        OR
    _____              _____
    *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Apple Inc.
                                                    , who issues or requests this subpoena, are:

Christine Haskett, Covington & Burling LLP, One Front Street, San Francisco, CA 94111
(415) 591-6000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or
attorney responsible for issuing and serving a subpoena must take
reasonable steps to avoid imposing undue burden or expense on a
person subject to the subpoena. The issuing court must enforce this
duty and impose an appropriate sanction — which may include lost
earnings and reasonable attorney's fees — on a party or attorney
who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or
to permit the inspection of premises, need not appear in person at the
place of production or inspection unless also commanded to appear
for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or
tangible things or to permit inspection may serve on the party or
attorney designated in the subpoena a written objection to
inspecting, copying, testing or sampling any or all of the materials or
to inspecting the premises — or to producing electronically stored
information in the form or forms requested. The objection must be
served before the earlier of the time specified for compliance or 14
days after the subpoena is served. If an objection is made, the
following rules apply:

(i) At any time, on notice to the commanded person, the serving
party may move the issuing court for an order compelling production
or inspection.

(ii) These acts may be required only as directed in the order, and
the order must protect a person who is neither a party nor a party's
officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must
quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer
to travel more than 100 miles from where that person resides, is
employed, or regularly transacts business in person — except that,
subject to Rule 45(c)(3)(B)(iii), the person may be commanded to
attend a trial by traveling from any such place within the state where
the trial is held;

(iii) requires disclosure of privileged or other protected matter, if
no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by
a subpoena, the issuing court may, on motion, quash or modify the
subpoena if it requires:

(i) disclosing a trade secret or other confidential research,
development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that
does not describe specific occurrences in dispute and results from
the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur
substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(c)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under
specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that
cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably
compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically
stored information:

**(A)** *Documents.* A person responding to a subpoena to produce
documents must produce them as they are kept in the ordinary
course of business or must organize and label them to correspond to
the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not
Specified.* If a subpoena does not specify a form for producing
electronically stored information, the person responding must
produce it in a form or forms in which it is ordinarily maintained or
in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One
Form.* The person responding need not produce the same
electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored
information from sources that the person identifies as not reasonably
accessible because of undue burden or cost. On motion to compel
discovery or for a protective order, the person responding must show
that the information is not reasonably accessible because of undue
burden or cost. If that showing is made, the court may nonetheless
order discovery from such sources if the requesting party shows
good cause, considering the limitations of Rule 26(b)(2)(C). The
court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed
information under a claim that it is privileged or subject to
protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents,
communications, or tangible things in a manner that, without
revealing information itself privileged or protected, will enable the
parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as trial-
preparation material, the person making the claim may notify any
party that received the information of the claim and the basis for it.
After being notified, a party must promptly return, sequester, or
destroy the specified information and any copies it has; must not use
or disclose the information until the claim is resolved; must take
reasonable steps to retrieve the information if the party disclosed it
before being notified; and may promptly present the information to
the court under seal for a determination of the claim. The person
who produced the information must preserve the information until
the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena. A nonparty's failure to obey must be excused if the
subpoena purports to require the nonparty to attend or produce at a
place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

# ATTACHMENT A

## Definitions and Instructions

1. "Nokia," "You," or "Your" means Nokia Inc. and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States, including but not limited to Nokia Inc.

2. Motorola means Motorola, Inc., Motorola Mobility, Inc., Motorola Mobility Germany GmbH, and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

3. "And" and "or" should be interpreted either disjunctively or conjunctively, whichever gives the request a broader scope.

4. "Document" and/or "Thing" has the broadest definition of document under the Federal Rules of Civil Procedure and the cases interpreting those rules, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

5. "Communication" means and refers to any transmission of information, in any form, via any medium, including, without limitation, documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations, electronic communications, telegraphic communications, or any document containing a recording, transcription, summary or description or identifying

the time, place, subject matter, medium of transmission and/or participants in the transmission.

6. "Person" includes both natural persons and legal entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business or governmental entity.

7. "Relating to" and "relate to" mean and include affecting, concerning, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating or in any manner whatsoever pertaining to that subject.

8. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

9. "IPR" means intellectual property rights, including patents and patent applications, including without limitation European Patents Nos. EP 1 010 336 and EP 1 053 613.

10. "Wireless Standard" means cellular telecommunications standards or other wireless data communications standards, including, but not limited to, the following ETSI and 3GPP standards: (1) GSM; (2) GPRS; (3) EDGE; and (4) UMTS.

11. "Wireless IPR" means any IPR held by Motorola relating to any Wireless Standard.

12. "Essential Wireless IPR" means any Wireless IPR that has been declared to be essential to practice any Wireless Standard; that has been alleged to be essential to practice any Wireless Standard; or that is essential, technically or competitively, to practice any Wireless Standard.

13. Whenever you claim that any document or thing responsive to any of the numbered requests below is privileged or immune from discovery as work product or unanswerable in full for any reason, you should answer the request to the extent that the document or thing is not withheld on such grounds and provide, within ten (10) days after objections based on privilege to the underlying requests are due, a list providing the number of the particular document or thing withheld, and the full identification of any withheld document, thing, or portions there of including:

(1)   its date;

(2)   the author(s)/sender(s);

(3)   the recipient(s), including copy recipient(s);

(4)   the general subject matter of the document;

(5)   the specific grounds for not answering in full, including the nature of the privilege (e.g.", attorney-client privilege, work product) or other rule of law relied upon to withhold the document or thing, and the facts supporting those grounds; and

(6)   a certification that all elements of the claimed privilege have been met and not waived with respect to each document.

**Request for Documents and Things**

1. All documents that grant or granted, or purport or purported to grant, to Nokia any rights, protections, or licenses in or to any Motorola IPR—including without limitation Motorola Wireless IPR, regardless of whether it is Essential Wireless IPR—that provide or provided a covenant not to sue relating to any Motorola IPR, or that otherwise authorize or authorized Nokia to practice any Motorola IPR, including but not limited to all agreements, amendments, appendices, attachments, schedules, and addendums.

2. For each document produced in response to Request No. 1, all non-privileged Communications with Motorola relating to that document, including Communications regarding the negotiation of the document and any Communications regarding any efforts to terminate any rights, protections, licenses, covenants not to sue, or other authorization provided by the document.