1  DONALD F. ZIMMER, JR. (CA Bar No. 112279)
   fzimmer@kslaw.com
2  CHERYL A. SABNIS (CA Bar No. 224323)
   csabnis@kslaw.com
3  KING & SPALDING LLP
   101 Second Street - Suite 2300
4  San Francisco, CA 94105
   Telephone:  (415) 318-1200
5  Facsimile:   (415) 318-1300

6
   Robert F. Perry
7  rperry@kslaw.com
   KING & SPALDING LLP
8  1185 Avenue of the Americas
   New York, NY 10036-4003
9  Telephone:  (212) 556-2100
   Facsimile:   (212) 556-2222
10
   Laura S. Huffman
11 lhuffman@kslaw.com
   KING & SPALDING LLP
12 1180 Peachtree Street
   Atlanta, GA 30309
13 Telephone: (404) 572-4600
   Facsimile: (404) 572-5100
14
   Counsel for Non-party Nokia Inc.
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19 | IN RE Ex Parte Application of | Case No. 3:12-mc-80013-JW |
20 | APPLE INC.; APPLE RETAIL GERMANY GMBH; AND APPLE SALES | |
21 | INTERNATIONAL, | **NON-PARTY NOKIA INC.S' MOTION TO QUASH APPLE INC.'S SUBPOENA** |
22 | Applicants, | |
23 | For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Nokia Inc. for use in Foreign Proceedings | HEARING ON MOTION Date:    March 26, 2012 |
24 | | Time:   9:00 a.m. Judge:   James Ware |
25
26
27
28

1

2

## TABLE OF CONTENTS

3

4

5

6

7

8

9

10

11

12

13

14

15

16

I.  INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 4

III.  APPLICABLE LAW .................................................................................................... 5

IV. APPLE HAS MADE NO SHOWING AS TO THE RECEPTIVITY OF THE FOREIGN
GOVERNMENT OR THE COURT OR AGENCY ABROAD TO U.S. FEDERAL-COURT
JURISDICTIONAL ASSISTANCE ...................................................................................... 6

V. THE SUBPOENA TO NOKIA INC. SHOULD BE QUASHED BECAUSE APPLE HAS
FAILED TO SHOW THAT THE MATERIAL SOUGHT IS NOT ALL AVAILABLE FROM
MOTOROLA, A PARTY TO THE FOREIGN PROCEEDING. ................................................. 7

VI.  BECAUSE THE REQUESTED DISCOVERY WOULD BE AVAILABLE FROM
MOTOROLA, A PARTY TO THE FOREIGN PROCEEDING, THE SUBPOENA IS AN
ATTEMPT TO AVOID FOREIGN PROOF-GATHERING RESTRICTIONS AND SHOULD
BE QUASHED ................................................................................................................... 7

VII.  THE SUBPOENA SHOULD BE QUASHED BECAUSE COMPLIANCE COULD LEAD
TO THE DISCLOSURE OF NON-PARTY NOKIA'S CONFIDENTIAL BUSINESS
INFORMATION. ................................................................................................................ 9

VIII. CONCLUSION. ......................................................................................................... 11

17

18

19

20

21

22

23

24

25

26

27

28

1

1

## TABLE OF AUTHORITIES

2

**CASES**                                                              **PAGE(S)**

3

4

5    *In re Apple Inc.*,
       Civil No. 12-cv-147 LAB (POR), D.I. 9 (S.D. Cal. Feb. 2, 2012) .......................................... 10

6
     *In re Chevron Corp.*,
7       2010 WL 3584520 (S.D. Cal. Sept. 10, 2010) ...................................................................... 7

8    *Cryolife, Inc. v. Tenaxis Med. Inc.*,
       2009 U.S. Dist. LEXIS 3416 (N.D. Cal. Jan. 13, 2009) ........................................................ 7

9
     *Govan Brown & Assoc., Ltd. v. John Does 1 and 2*,
10      2010 U.S. Dist. LEXIS 88673 (N.D. Cal. Aug. 6, 2010)...................................................... 7

11   *In re the Republic of Ecuador*,
       2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) .................................................... 5

12
     *Intel Corp. v. AMD Inc.*,
13      542 U.S. 241 (2004)............................................................................................... 5, 6, 8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND RELIEF REQUESTED

Please take notice that on March 26, 2012, at 9:00 a.m. at the San Francisco Courthouse, Courtroom 9 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 Non-Party Nokia Inc. will and hereby moves this Court for an order quashing Apple Inc.'s subpoena issued pursuant to 28 U.S.C. § 1782 for discovery for use in foreign proceedings. Nokia Inc. brings this motion based on the Memorandum of Points and Authorities set forth below, the Declarations of Laura S. Huffman, Boris Kreye, and James Proffitt filed concurrently herewith, and on any other information offered on the hearing on this matter and as allowed by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Nokia Inc., who is not a party to the foreign proceeding in question, brings this Motion to Quash the subpoena that was allowed to issue by this Court under 28 U.S.C. § 1782 and that Apple Inc. ("Apple") served on non-party Nokia Inc. on February 8, 2012. (*See* Declaration of Laura S. Huffman, Ex. 1). The *ex parte* motion by Apple, and the resulting subpoena, is nothing more than a ploy to circumvent the restrictions that otherwise apply to discovery in the foreign proceeding at issue in this motion. More particularly, the documents requested by Apple are documents that should ordinarily be available from Motorola, which is a party to the foreign proceeding, if the courts in which the action is pending allowed such discovery. This discovery, as requested by Apple, is not permitted under German law. Apple hereby attempts to subject a United States company to discovery for use in a foreign jurisdiction that does not permit discovery as allowed in the United States. Accordingly, Apple will attempt to force the foreign court to accept "evidence" it does not want or allow for, and in the process improperly use a provision of United States law (Section 1782) to effect this ruse. Under the clear provisions of Section 1782, Apple cannot seek discovery if this discovery is intended to vitiate the limitations placed on discovery in foreign jurisdictions. That is exactly what Apple attempts to do in this instance, and Nokia asks this Court to quash any attempt to misuse this provision and effectively dictate to a foreign court what evidence it should accept.

Moreover, Motorola is indisputably a party to the German proceedings, yet Apple did not subpoena the Motorola United States affiliate for any such license agreements and related correspondence. Why is Apple going to a third party when the party involved in the foreign proceeding has a United States affiliate from which the agreements can be obtained? Why is Apple not seeking access and the ability to use the requested information here from a Judge in one of the pending cases in the United States between Motorola and Apple – cases in which Apple's US outside counsel has likely already received much, if not all, of this requested information directly from Motorola under an applicable Protective Order? The reason appears to be that Apple has concluded it is not likely to have success going that route. And so Nokia Inc. is a pawn being used by Apple to effect a discovery coup that would not be possible under foreign law or in the other pending cases in the United States. Apple has failed to inform this Court that the requested discovery is not available in the German courts, has failed to explain why the Motorola party to the foreign action is not producing the requested materials, and further has failed to explain why Nokia Inc., a United States corporation thousands of miles away, is a more convenient avenue for this discovery. The reasons become clearer as the facts unfold -- the United States is a jurisdiction that provides for discovery in limited situations to be used in foreign courts. This is not one of those situations! Nokia has no connection to this dispute. Section 1782 requests are limited to situations where the discovery request is not intended to circumvent limitations on discovery in foreign jurisdictions and where the foreign tribunal welcomes such discovery. Apple has studiously ignored any such limitations in an attempt to have its discovery request granted despite the fact that German courts do not allow for such discovery and despite never approaching the German courts for relief from such restrictions.

Finally, the use of the requested documents in the foreign proceeding would likely disclose Nokia confidential commercial information in a manner inconsistent with the Federal Rules of Civil Procedure and that would cause competitive harm to Nokia. It would be extremely unfair to Nokia and burdensome in a commercial sense to be forced to reveal commercial terms of major patent license agreements in a foreign proceeding in which it has no role to play and without adequate protections available, simply because Apple wanted access to such agreements

and could not otherwise get them using legitimate attempts in the jurisdiction where the action was brought or in its other pending United States cases with Motorola. If the Court were willing to entertain Apple's inappropriate use of Section 1782 in this situation, Nokia requests at a minimum that the following safeguards be put in place by this Court, who can retain jurisdiction over this matter for any enforcement or breach claims that may arise:

- Production to be limited to only copies of relevant license agreements between Motorola and Nokia with redactions of highly sensitive terms, including confidential financial or commercial terms, royalty rates and other such terms, pursuant to a meet and confer with Apple counsel, and any needed guidance of this Court;

- The parties' in-house counsel and other personnel shall not be permitted access to the documents in question;

- The parties to the German litigation must assure by whatever means possible, including stipulating and requesting the German court to close the courtroom during those portions of hearings when confidential information is to be discussed, that Nokia confidential information will not be made public under any circumstances, and if that if there is a risk of any such disclosure, then these document will not be submitted or attempted to be used in the German proceedings;

- Any attempt by a party or third party to the German proceedings to access any such Nokia confidential information that was in fact used in the record of those proceedings will be made known to Nokia and its counsel in sufficient time to allow Nokia to object, with the cooperation of the parties in the proceeding, and to have such objection timely resolved by the German court to ensure adequate protections remain in place;

- Correspondence or other materials related to Nokia/Motorola license agreements is not required to be searched for or produced.

For all these reasons, the subpoena should be quashed in its entirety, but if allowed should be limited to any License Agreements themselves with, at a minimum, the above safeguards required.

**II. BACKGROUND**

Motorola has filed lawsuits against Apple's German affiliate in Germany. (D.I. 1 at 3:9, 12-13.) There are no facts asserted by Apple to explain why the evidence it seeks was not made available to it in the German proceeding. Apple's silence on that point is deafening. German procedural law would thwart Apple's attempts to get Nokia license agreements. Apple is well aware of that fact, so it turned to its United States lawyers to try to find another way to get that evidence, withholding critical facts from this Court which has not up to now been involved in any Apple-Motorola dispute.[1]

Apple is seeking discovery on "intellectual property licenses between Nokia and Motorola and communications regarding the licenses." (D.I. 1 at 7, 11-12.) Apple does not explain why a party to the German proceeding, Motorola, was not asked or forced to turn over such licensing materials in that action. It is no accident that the discussion of the German proceedings is notably scarce in Apple's papers. Apple cannot get the information it wants under German procedural

---

[1] One of those critical facts is that, in a similar request for consent to use a confidential license agreement in a German proceeding, Nokia has already denied Apple's request to use the license agreement between Nokia and Apple in one of the very foreign proceedings at issue here. *See* Declaration of Laura S. Huffman, Ex. 2 (e-mail correspondence between Apple's outside counsel and Nokia's outside counsel dated October 14-21, 2011 requesting and denying permission to use the Apple/Nokia patent license agreement in the Mannheim case.) In fact, Nokia has a standard practice of requiring certain protections for the disclosure and/or use of its confidential information when it is not a party to an action, for example, in the context of US litigation Nokia normally requires limited distribution to outside counsel only and qualified experts under an appropriate protective order, the highest level of protection under such protective order, and assurances from the parties that they will take all necessary steps to ensure that the Nokia confidential information will not be made public at any time, including at any trial or hearing, and if there is a risk of such information becoming public at such a trial/hearing, prior advance notice to Nokia with an opportunity to object and have the objection resolved before any such use would occur.

1    law, so it seeks to use broad United States discovery provisions to access the information it wants

2    without explaining to the Court that the commensurate protections available under United States

3    discovery provisions are not routinely available in the foreign proceedings. (*See* Declaration of

4    Boris Kreye, ¶4.)  However, rather than try to modify an existing Protective Order in one of its

5    cases pending in the United States against Motorola, or even subpoena Motorola's United States

6    affiliate, to get access and allow potential use of such license agreements and correspondence,

7    Apple chose to go to non-party Nokia Inc., a United States affiliate of Finnish Nokia

8    Corporation.[2]  This discovery ploy violates the letter and spirit of a Section 1782 discovery

9    request.  The subpoena should be quashed so as not to allow for this legal maneuvering to

10   continue.

## III.  APPLICABLE LAW

12           The Supreme Court has identified factors that a court should consider when ruling on a §

13   1782 request:  (1) whether the material sought is within the foreign tribunal's jurisdictional reach

14   and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of

15   the proceedings underway abroad, and the receptivity of the foreign government or the court or

16   agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782

17   request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

18   a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or

19   burdensome requests.  *In re the Republic of Ecuador*, 2010 U.S. Dist. LEXIS 102158 at *4 (N.D.

20   Cal. Sept. 15, 2010) (quoting *In re Chevron Corp.*, No. M-19-111, 2010 U.S. Dist. LEXIS 47034,

21   at *16 (S.D.N.Y. May 10, 2010); *see also Intel Corp. v. AMD Inc.*, 542 U.S. 241, 264-65 (2004)).

22   Apple decided to avoid providing significant evidence on several of these tests, and distorted the

---

[2] The license agreement being sought here is between Nokia Corporation, a legal entity located in Finland, and the named assignee for the significant majority of Nokia's licensed patents. (*See* Declaration of James Proffitt, ¶_4.)  Apple's request to issue the subpoena in this instance acknowledged that Nokia Corporation was the correct party from which to seek information about Nokia licensing activities.  The literature referred to by Apple in its *ex parte* motion states:  "[t]o enquire about a license to Nokia patents, please contact Nokia Patent Licensing" and provides contact information of Nokia Patent Licensing as Nokia Corporation in Finland. (*See* D.I. 2, Ex. 1 at 4.)

1    record on others.  Further, the Supreme Court has made it clear that when ruling on a Section

2    1782 motion, the court should consider whether appropriate measures are in place to protect the

3    confidentiality of materials.  *Intel Corp.*, 542 U.S. at 265.   Apple has made no argument that the

4    commercially sensitive information it seeks would be protected from disclosure, and there is in

5    fact every reason to believe that the use of such information in a foreign proceeding would result

6    in public disclosure. (*See* Declaration of Boris Kreye, ¶ ¶ 9-13.)

7

8    **IV. APPLE HAS MADE NO SHOWING AS TO THE RECEPTIVITY OF THE FOREIGN
     GOVERNMENT OR THE COURT OR AGENCY ABROAD TO U.S. FEDERAL-COURT
     JURISDICTIONAL ASSISTANCE**

9

10        Apple's application was totally silent as to whether the German courts would be willing to

11   accept the evidence that Apple seeks to acquire through the subpoena at issue.  Apple fails to

12   instruct the Court as to the nature of German proceedings and the fact that in Germany, discovery

13   is simply not allowed.  (*See* Declaration of Boris Kreye 1, ¶4)  Apple apparently did not seek any

14   guidance from the German court as to whether this evidence, if collected, would even be

15   admissible for the proceedings at issue in that jurisdiction.  Instead, Apple has asked this Court to

16   allow it to issue a subpoena that misuses the Section 1782 provisions.  The fact that Apple

17   directed this subpoena to Nokia Inc. is purposeful and nefarious.  There is simply no excuse to

18   seek discovery from a non-party, unrelated corporate entity in the United States -- Nokia Inc. --

19   rather than go after at least the Motorola party litigating against Apple in Germany or the related

20   United States entity to the Motorola litigant in Germany.  However, to do so would reveal

21   Apple's real purpose - to hoodwink this Court into ordering discovery that Apple was otherwise

22   was not entitled to in the foreign proceeding or likely not to get permission to use from a Judge in

23   a United States action against Motorola.  These failings and the issues addressed below are

24   sufficient reasons to quash the subpoena that Apple seeks to have enforced.

25

26

27

28

**V. THE SUBPOENA TO NOKIA INC. SHOULD BE QUASHED BECAUSE APPLE HAS FAILED TO SHOW THAT THE MATERIAL SOUGHT IS NOT ALL AVAILABLE FROM MOTOROLA, A PARTY TO THE FOREIGN PROCEEDING.**

The information sought by Apple, "intellectual property licenses between Nokia and Motorola and communications regarding the licenses" is unquestionably in the possession of Motorola' German affiliate, a party to the foreign proceeding, and/or Motorola's United States affiliate.  If such discovery is not available from the Motorola entity involved in the German action(s), one has to wonder how relevant that discovery could be to the proceedings.  Normally, when the person from whom discovery is sought is not a party to the foreign proceeding, the need for Section 1782 aid comes <u>because</u> the information to be discovered is not available from a party to the foreign proceeding.  (*See*, *e.g.*, D.I. 2, Ex. 2, Order granting *Ex parte* application of API for order to obtain discovery from Google regarding information that was only available from Google)[3]  Here, any license agreements between Nokia Corporation and Motorola, and any related communications regarding any such licenses, would be available from the named party, Motorola itself.  Thus, the normal policy considerations behind the use of section 1782 do not apply in this case.

**VI.  BECAUSE THE REQUESTED DISCOVERY WOULD BE AVAILABLE FROM MOTOROLA, A PARTY TO THE FOREIGN PROCEEDING, THE SUBPOENA IS AN ATTEMPT TO AVOID FOREIGN PROOF-GATHERING RESTRICTIONS AND SHOULD BE QUASHED**

The only possible explanation for Apple's use of Section 1782 to subpoena information from a non-party located in the United States, that should otherwise be available from Motorola, a party to the foreign proceeding, is that Apple is attempting to circumvent foreign proof-gathering restrictions, particularly the stringent restrictions on discovery in Germany.  *See Cryolife, Inc. v. Tenaxis Med. Inc.*, 2009 U.S. Dist. LEXIS 3416 at *6-*8 (N.D. Cal. Jan. 13, 2009) (subpoenaing

---

[3] *See also*, *In re Chevron Corp.,* 2010 WL 3584520 (S.D. Cal. Sept. 10, 2010) (denying appeal of Order granting discovery under Section 1782 from consultant not a party to the foreign proceeding); *Govan Brown & Assoc., Ltd. v. John Does 1 and 2,* 2010 U.S. Dist. LEXIS 88673 (N.D. Cal. Aug. 6, 2010) (granting discovery from non-party Google for identification of IP address associated with e-mail address).

information under Section 1782 from a party to the German proceeding where both parties agreed that the German Court could not force the respondent to provide the information by compulsory means). Apple does not argue that the discovery it seeks from Nokia Inc. was first attempted to be obtained from Motorola or from any entity in Germany. There is no evidence before this Court that would suggest that Apple even asked the German courts to allow for this discovery. German procedural law would not allow Apple to obtain the licenses it seeks. (*See* Declaration of Boris Kreye, ¶¶ 4-5.) Apple is totally silent on that front because it cannot argue that these types of documents would be made available to it in Germany from a party to the proceeding, let alone from a non-party. (*See Id.*) Apple would rather attempt to convince this Court to order Nokia to produce one or more license agreements and licensing correspondence in order to try to use those agreements, and correspondence related thereto, in a German court. The legal maneuvering by Apple to get an American court to act on discovery requests directed to an American subsidiary of a Finnish company, for use in a German court, is sufficient alone for a closer look at the request.

German courts do not allow for the type of discovery that Apple seeks. (*See Id.*) There is no evidence that the German courts where the relevant proceedings are taking place will even entertain the use of the evidence that could conceivably be produced in response to the Apple subpoena. Apple provided no guidance to this Court on that front. Apple does not explain why the licenses/correspondence at issue is not available directly from Motorola, a party to the proceeding. If nothing else, the failure of Apple to even seek discovery in Germany, in full view of the well known fact that Germany does not allow for discovery in its legal proceedings, goes to how receptive the German court would be to having such evidence come from foreign jurisdictions. In addition, Apple offers no argument for why a United States procedural provision should be forced on a German court that does not otherwise allow for the discovery it seeks. The guidelines set by the United States Supreme Court counsel against forcing discovery on a jurisdiction that does not want such discovery. *Intel Corp. v. AMD Inc.*, 542 U.S. 241, 264-65 (2004). Apple simply ignores that precedent.

Furthermore, Apple fails to provide any assurances that the Nokia confidential information it seeks would be adequately protected if it was accepted by a German court.  Nokia has been advised that such assurances are not likely possible.  (*See* Declaration of Boris Kreye, ¶¶ 9-13.)  In fact, we are advised that it is entirely possible for a member of the German public, or for that matter a direct competitor of Nokia, to seek access to the court files for the Apple/Motorola case in Germany, including highly confidential licensing agreements of Nokia should they be included in the court's files. (*Id.*)  If that were to happen, then Nokia would be extremely prejudiced and competitively harmed.  Thus, the preferably outcome here would be to deny Apple's requests here.  At a minimum though, if Apple's request is allowed here, then several safeguards would need to be put in place to try to minimize the risks of public disclosure and protect Nokia against any such harm.

## VII.  THE SUBPOENA SHOULD BE QUASHED BECAUSE COMPLIANCE COULD LEAD TO THE DISCLOSURE OF NON-PARTY NOKIA'S CONFIDENTIAL BUSINESS INFORMATION.

Because Apple has made no attempt to show that any procedures for protecting confidential information by German courts, which are not accustomed to discovery from parties or non-parties, are sufficient to protect the confidential provisions of any license agreements between Nokia and Motorola, the subpoena should be quashed.  Apple states that the license agreements it requests are highly relevant because "licenses that Motorola has granted to other providers of wireless devices are relevant to Apple's potential liability in the foreign proceedings." (D.I. 1 at 6:13-14.)  Potential liability as used by Apple in this statement apparently is directed at royalty rates and other specific financial terms.  Apple cannot guarantee that the German court will not include the commercially sensitive terms of any agreement between Nokia and Motorola in any order issued by the court or decision rendered by that court.[4]  Moreover,

---

[4] In an analogous recent situation, Apple apparently sought access to the Qualcomm/Motorola license agreements under Section 1782 from the Southern District of California.  From the record in that matter, Qualcomm apparently did not object, but rather only Motorola objected to such disclosure.  In addition, the relevance of those agreements, as stated by Apple, was in support of a license defense based on the supply of components from Qualcomm to Apple and the alleged license rights flowing from Qualcomm to Apple under Motorola patents.  Apple does not assert here that any license agreement between Nokia and Motorola is relevant for an Apple licensing defense or that Nokia supplies any components to Apple.  Rather, the alleged

(footnote cont'd…)

9

while German courts sometimes maintain documents in a closed record, there are provisions by which the German public may obtain access to the court files. (*See* Declaration of Boris Kreye, ¶¶ 9-13).  German hearings are public events much like in the United States yet Nokia Inc. is being asked to produce one or more agreements to a foreign jurisdiction for which there is no guarantee of confidentiality like there would be in the United States using a protective order.  That is, on its face, unfair and prejudicial to Nokia.  If this Court were to entertain Apple's requests here, Apple should be forced to first guarantee the sort of protection that Nokia would get in this country before asking the Court to force a response to a subpoena in the United States for use in a foreign land.[5]

In view of the real dangers of having Nokia competitive information released by virtue of having a German court allow persons or corporations with an interest to see the contents of such agreements, should this Court be inclined not to quash the Apple subpoena, in the alternative Nokia respectfully requests that the Court Order the following:

- Production to be limited to only copies of relevant license agreements between Motorola and Nokia with redactions of highly sensitive terms, including confidential financial or commercial terms, royalty rates and

---

(…cont'd)

relevance in this situation appears to be for damages purposes.  Thus, it may be that the only relevant information in any Nokia/Motorola license  agreements would likely be the royalty rates and specific financial terms, which are among the most sensitive and confidential information in the license agreements.  This makes the request in front of this court different at its essence from the Qualcomm situation where the royalty rates and specific financial terms were ordered to  be redacted from any documents to be used in the foreign proceeding to support the alleged license defense.  *See*, *e.g.*, *In re Apple Inc., Apple Retail Germany GmbH, and Apple Sales International*, Civil No. 12-cv-147 LAB (POR), D.I. 9 (S.D. Cal. Feb. 2, 2012).  The disclosure of such highly confidential financial information would cause significant competitive harm to Nokia and is some of the most sensitive information in the sought-after documents. The best available course in this situation is to deny Apple's request in total.

[5] Also, as mentioned *supra* n.1, the license agreements being sought by Apple are between Nokia Corporation and Motorola and Nokia Inc. reserves its objections served on Apple today, including if it is required to comply with Apple's subpoena in any way, that it only be required to conduct a reasonable search for materials within the possession, custody or control of Nokia Inc., a United States entity.

other such terms, pursuant to a meet and confer with Apple counsel, and any needed guidance of this Court;

- The parties' in-house counsel and other personnel shall not be permitted access to the documents in question;

- The parties to the German litigation must assure by whatever means possible, including stipulating and requesting the German court to close the courtroom during those portions of hearings when confidential information is to be discussed, that Nokia confidential information will not be made public under any circumstances, and if that if there is a risk of any such disclosure, then these document will not be submitted or attempted to be used in the German proceedings;

- Any attempt by a party or third party to the German proceedings to access any such Nokia confidential information that was in fact used in the record of those proceedings will be made known to Nokia and its counsel in sufficient time to allow Nokia to object, with the cooperation of the parties in the proceeding, and to have such objection timely resolved by the German court to ensure adequate protections remain in place;

- Correspondence or other materials related to Nokia/Motorola license agreements is not required to be searched for or produced.

## VIII. CONCLUSION.

Apple's subpoena attempts to use non-party Nokia Inc. as a vehicle to access discovery that it cannot get in the foreign jurisdiction in which it is litigating. For the reasons stated above, the Court should quash Apple's subpoena issued under 28 U.S.C. § 1782, or in the alternative, limit it to provide for only production of redacted versions of any relevant and responsive

1   agreements (without related correspondence), subject to a meet and confer between the parties

2   under the guidance of this Court.

3

4        DATED:  February 16, 2012

5
                                        Respectfully submitted,
6
                                        KING & SPALDING LLP
7

8                                       By:  /s/ Cheryl A. Sabnis /s/
                                            Donald F. Zimmer, Jr.
9                                           Cheryl A. Sabnis
                                            DONALD F. ZIMMER, JR. (CA Bar No.
10                                          112279)
                                            fzimmer@kslaw.com
11                                          CHERYL A. SABNIS (CA Bar No. 224323)
                                            csabnis@kslaw.com
12                                          KING & SPALDING LLP
                                            101 Second Street - Suite 2300
13                                          San Francisco, CA 94105
                                            Telephone:  (415) 318-1200
14                                          Facsimile:   (415) 318-1300

15                                          Robert F. Perry
                                            rperry@kslaw.com
16                                          KING & SPALDING LLP
                                            1185 Avenue of the Americas
17                                          New York, NY 10036-4003
                                            Telephone:  (212) 556-2100
18                                          Facsimile:   (212) 556-2222

19
                                            Laura S. Huffman
20                                          lhuffman@kslaw.com
                                            KING & SPALDING LLP
21                                          1180 Peachtree Street
                                            Atlanta, GA 30309
22                                          Telephone: (404) 572-4600
                                            Facsimile: (404) 572-5100
23
                                        Attorneys for Non-Party Nokia Inc.
24

25

26

27

28

## **CERTIFICATE OF ATTEMPTED CONFERENCE**

I hereby certify that Nokia Inc.'s counsel has attempted to discuss its motion to quash Apple's subpoena with Apple's counsel.  On February 16, 2012 at 12:15 p.m. PST I left a voice message for Apple's counsel of record, Ms. Haskett, stating that I wished to discuss Nokia Inc.'s Motion to Quash.  Receiving no response I called again at 3:00 p.m.  Ms. Haskett was not available and her assistant represented that she had no information on when Ms. Haskett would be available.  Ms. Haskett was also not available at 4:15 p.m.

By: /s/ Laura S. Huffman /s/
Laura S. Huffman

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Non-party Nokia Inc.'s Motion To Quash Apple Inc.'s subpoena has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5-6 on this 16th day of February 2012.

By: /s/ Cheryl A. Sabnis /s/
Cheryl A. Sabnis