QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (CA Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

   Edward J. DeFranco (CA Bar No. 165596)
   eddefranco@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

   Brian C. Cannon (CA Bar No. 193071)
   briancannon@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5001

*Attorneys for Non-party Motorola Mobility, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE Ex Parte Application of<br><br>APPLE INC.; APPLE RETAIL GERMANY GMBH; AND APPLE SALES INTERNATIONAL,<br><br>                              Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery From Nokia Inc. for use in Foreign Proceedings. | Case No. 3:12-mc-80013-JW<br><br>**NON-PARTY MOTOROLA MOBILITY'S MEMORANDUM IN SUPPORT OF NOKIA'S MOTION TO QUASH APPLE INC.'S SUBPOENA**<br><br><u>HEARING ON MOTION</u><br>Date: March 26, 2012<br>Time: 9:00 a.m.<br>Judge: James Ware |

Non-party Motorola Mobility, Inc. ("Motorola") hereby files its Memorandum in Support of Nokia Inc.'s Motion to Quash Apple Inc.'s Subpoena.  Accompanying this Memorandum is the Declaration of Dr. Marcus Grosch, a German attorney, and the Declaration of Brian Cannon, attaching documents.

## INTRODUCTION

Apple's attempt to use 28 U.S.C. § 1782 to obtain confidential Motorola information from Nokia Inc. should be denied because it seeks to circumvent pending judicial proceedings in Germany, as well as proceedings before United States district courts and the International Trade Commission.  The information sought by Apple is already subject to discovery and governed by protective orders in pending United States litigation.  In German judicial proceedings, this form of discovery is not relevant and there are no protections to preserve confidences and trade secrets as there are in United States courts.  Public disclosure of this information would be highly prejudicial to Motorola.  The statute invoked by Apple does not allow Apple to expose Motorola's confidential information and gain litigation advantage to which it is not entitled under German law.  The statute is intended to assist foreign proceedings, not serve as an end-run around the rules of those proceedings.  Accordingly, Motorola joins in Nokia's motion and requests that this Court should quash Apple's subpoena.

## BACKGROUND

Apple and Motorola are competitors in the market for smart phones, e.g., iPhone and Droid RAZR.  They are engaged in several intellectual property litigations both in the United States and abroad.  In the United States, the disputes between Apple and Motorola include:

- *Motorola Mobility, Inc. v. Apple Inc.*, Case No. 10-cv-23580 (S.D. Fla.), a patent action before the Honorable Robert N. Scola;
- *Apple Inc. v. Motorola Mobility, Inc.* Case No. 11-cv-178 (W.D. Wis.) and *Apple Inc. v. Motorola, Inc.*, Case No. 10-cv-661 (W.D. Wis.), patent and unfair competition actions before the Honorable Barbara B. Crabb;
- *Apple Inc. v. Motorola Inc.*, Case No. 11-cv-08540 (N.D. Ill.), a patent action before the Honorable Richard A. Posner, sitting by designation;
- *In the Matter of Certain Mobile Devices and Related Software*, Inv. No. 337-TA-750 (U.S.I.T.C.), and

- *In the Matter of Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, Inv. No. 337-TA-745 (U.S.I.T.C.)

In Germany, the parties are also involved in a number of litigations including: Case Nos. 4a O 69/11, 4a O 116/11, and 4a O 117/11, pending in the Dusseldorf District Court; Case No. 6 U 136/11, pending in the Higher District Court of Karlsruhe, an appeal of Case No. 7 O 122/11 in the Mannheim District Court; and Case Nos. 7 O 229/11, 7 O 230/11, 7 O 169/11, and 7 O 443/11, pending in the Mannheim District Court.

Nokia is not a party to any of these domestic or foreign litigations. Nokia is also a competitor in the smart phone market. It has various license agreements with Motorola. Motorola considers the terms of its agreements with Nokia to be highly sensitive and confidential trade secrets.

Apple's ex parte request (Doc No. 1) sought to issue a subpoena to Nokia seeking the production of its license agreements and communications with Motorola. This Court granted Apple's ex parte application on January 27, 2012. (Doc. No. 3.) Upon information and belief, Apple served a subpoena upon Nokia on February 8, 2012. (*See* Decl. of Laura Huffman, ¶ 1 (Doc. No. 4-1).) Nokia moved to quash this subpoena on February 16, 2012. (Doc. No. 4.)

United States courts have already entered protective orders and cross-use agreements to protect Motorola's confidential licensing documents and communications and strictly limit who has access to this information. For instance, in *Motorola Mobility, Inc. v. Apple Inc.*, Case No. 1:10-cv-23580-RNS, pending in the U.S. District Court for the Southern District of Florida, the parties negotiated and the Court entered a protective order containing the following provision:

> Protected Materials in this case shall only be used in this matter and the following cases between the parties: *Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, Inv. No. 337-TA-745 (ITC); Certain Mobile Devices and Related Software, Inv. No. 337-TA-750 (ITC); *Apple Inc. v. Motorola, Inc. and Motorola Mobility, Inc.*, Case No. 10-CV-661-slc (W.D. Wis.); *Apple Inc. v. Motorola, Inc. and Motorola Mobility, Inc.*, Case No. 10-CV-662-slc (W.D. Wis.); *Motorola Mobility, Inc. v. Apple Inc. and NeXT Software, Inc.*, Civil Action No. 10-867-GMS (DDE).

(Cannon Dec., Ex. A ¶ 1.) That same protective order further provides:

> 12. ***Protected Material, including any notes, memoranda or other similar documents summarizing or referring to the contents thereto, shall be used by a Receiving Party solely for the purpose of those actions, any appeals therefrom, including any efforts to settle this action, and shall not be disclosed or used for any other purpose whatsoever, including without limitation any other legal proceeding***, including any legal proceeding involving any of the parties, patent prosecution or acquisition, or any business or competitive purpose or function of any kind.

(Id. at ¶ 12 (emphasis added).)   Similarly, the U.S. District Court for the Western District of Wisconsin entered a protective order limiting use of Protected Material to the same set of cases and placed the same prohibitions on use of the information for purposes other than the same permitted actions. (Cannon Decl., Ex. B (Joint Protective Order), ¶ 1.).   The parties entered a cross-use agreement filed in United States district court that limits use of confidential information only to the United States actions because of the protections offered for trade secrets in those actions.   (*See* Cannon Decl., Ex. C.)

The German litigations or any other foreign proceedings are expressly not included the cross use agreement.   *Id*.

With this Memorandum, Motorola has submitted the declaration of German attorney Dr. Marcus Grosch, explaining that confidential information is not preserved in Germany in the same way as it is in the United States.   (Grosch Decl. ¶ 3.)   German law requires that court proceedings almost always be conducted publicly, and there is no German legal provision that would allow the judges in the German litigations to enter orders resembling a protective order. (Grosch Decl. ¶¶ 4, 6.).   Filing of confidential information with the German court is thus not protected.

In addition, German courts allow third parties with an interest in the case to obtain full access to documents filed by any of the parties in the litigations.   (Grosch Decl. ¶¶ 6, 7.)   A third party intervenor can participate in the proceedings.   *Id*.   Apple has already requested that computer chip suppliers Intel and Infineon intervene in the proceeding, potentially exposing all filings in the German actions to those companies.   (Grosch Decl. ¶¶ 8-9.)

**LEGAL STANDARD**

28 U.S.C. § 1782 states in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). Further, the title of 28 U.S.C. § 1782 indicates that it is intended to be used for the "Assistance to Foreign and International Tribunals and to Litigants Before Such Tribunals." *Id.*

"Even if [the absolute requirements of § 1782] are met, a district court still retains the discretion to deny a request." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011). In other words, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264.

Factors courts consider in ruling on Section 1782 requests include: (1) "the character of the proceedings underway abroad"; (2) "the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions"; and (4) whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. In addition, "foreign-discoverability may be considered by a court as a matter of comity in deciding whether to grant discovery in particular cases." *Govan Brown & Assocs. V. Does 1 and 2*, No. C 10-02704 PVT, 2010 WL 3076295, at * 3 (N.D. Cal. Aug. 6, 2010) (citing *Intel*, 542 U.S. at 243 ("comity and parity concerns may be legitimate touchstones for a district court's exercise of discretion in particular cases.")).

NON-PARTY MOTOROLA' MOBILITY'S MEMORANDUM IN SUPPORT OF
NOKIA'S MOTION TO OUASH APPLE INC.'S SUBPOENA

# ARGUMENT

## I. APPLE'S REQUEST IS AN END RUN AROUND GERMAN PROCEDURES

Apple has not shown that it has attempted to obtain the discovery through the German court system or that the discovery would be relevant to the proceedings in Germany. Courts have denied Section 1782 requests when a party has not even attempted to obtain the relevant documents by other means. *In re Degitechnic*, No. C07-414-JCC, 2007 WL 1367697, at *4 (W.D. Wash. May 8, 2007) ("While [there is no exhaustion requirement in Section 1782], there is nevertheless no reason that this Court should overlook Digitechnic's failure to attempt any discovery measures in France in making the discretionary decision now before it.") (denying Digitechnic's Section 1782 application and granting Microsoft's motion to quash); *In re Marano*, No. CV-09-80020-MSC-DLJ, 2009 WL 482649, at *4 (N.D. Cal. Feb. 25, 2009) ("Absent any evidence that Elena herself does not possess the desired information, or that any discovery process provided by the British court system is inadequate to yield the desired information, this Court finds no basis to authorize the issuance of the requested subpoenas.").

The statute by its terms is intended to assist foreign proceedings. At a minimum, Apple should demonstrate that the discovery sought is relevant to some issue pending in Germany and that it would assist the German courts. It has not done so. Apple's ex parte application and subsequent subpoena served upon Nokia are thus an improper "attempt to circumvent foreign proof-gathering restrictions" and "policies of [Germany] [and] the United States." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). *See also In re Degitechnic*, 2007 WL 1367697, at *5 ("[E]ither . . . the discovery Digitechnic seeks here could have and should have been obtained much earlier in France . . . or . . . the discovery sought here truly cannot be obtained in France and therefore . . . this Court should hesitate to order discovery at a late stage of French litigation when such discovery was not sought or is not available in that forum.").

Apple has full access to discovery in the United States actions, which are governed by protective orders. Apple should not be entitled to wield Section 1782 to obtain competitively sensitive information for, according to Apple, a foreign proceeding when it has not shown any

1  relevance of the information to the foreign proceeding or made any effort to establish that the
2  foreign tribunal would consider such information in rendering a decision.

3  **II.     APPLE'S APPLICATION UNDERMINES U.S. PROTECTIVE ORDERS**

4  In each of the litigations currently pending between Apple and Motorola in the United
5  States, the Courts have entered Protective Orders to safeguard commercially sensitive information.
6  (*See, e.g.*, Cannon Decl. Exs. A-B.)   These orders were entered at the request of the parties.   The
7  parties have also filed a cross-use agreement, allowing confidential business information produced
8  in one Apple-Motorola dispute to be used in another Apple-Motorola dispute – but only in the
9  United States.   (*See, e.g.*, Cannon Decl. Ex. C.)   Voluminous discovery, including the parties'
10 license agreements and other confidential information, has been exchanged.

11 Through its ex parte application and the subpoena served upon Nokia, however, Apple
12 seeks some of the same information that has already been produced pursuant to protective order.
13 Such a procedure undermines the orderly system of discovery in United States actions – broad
14 discovery under Rule 26, Fed. R. Civ. P., but with appropriate protections to keep confidential
15 information secret to the parties.   Indeed, Apple only knows about the license agreements because
16 they were produced under the protective orders in the U.S. actions.   Apple should not be
17 permitted to learn Motorola's confidential information under protective orders, then turn around
18 and use Section 1782 to produce the same information without such protection.

19 The parties cross use agreement is directed only to United States actions.   Ex. C.   Apple
20 could have negotiated the agreement to cover foreign proceedings and could have approached the
21 Courts in which the protective orders were entered to modify the orders in some manner.   Apple
22 should not be permitted to undermine the agreed-upon and court-protected discovery process
23 underway in the United States.

24 **III.    THERE IS NO PROTECTION FOR CONFIDENTIAL INFORMATION**

25 Apple's subpoena should be quashed on the further grounds that it would require Nokia to
26 produce documents containing Motorola's confidential information, without the benefit of any
27 protective order in place either here or in the German proceeding.   The Supreme Court in *Intel*
28 made clear that a court considering whether to permit discovery under Section 1782 should

consider whether "appropriate measures" have been taken by the applicant "to protect the confidentiality of materials." *Intel Corp.*, 542 U.S. at 265 (citing *In re Bayer AG*, 146 F.3d 188, 196 (3d Cir. 1998)).  Absent such measures, a request should be "rejected or trimmed" as "unduly intrusive and burdensome." *Intel Corp.*, 542 U.S. at 265.  Apple's ex parte application does not even acknowledge that the information Apple seeks from Nokia might include Motorola's confidential business information, much less propose any measures Apple has or will take to protect the confidence of that information.

As explained in the accompanying declaration of Dr. Marcus Grosch, the German courts do not have the same procedures for preserving confidential information.  Indeed, the German process of allowing third party intervenors allows interested parties such as the computer chip suppliers full access to the court files.  Apple has already initiated this process by requesting Intel and Infineon intervene in the German actions.

Apple has not shown that the German courts would find the requested information in any way helpful and has not demonstrated that there are any procedures in place to protect Motorola confidential information.  Apple has not obtained a ruling or order from a German court that would provide any reassurance that the confidential information would or could be protected.  In short, Apple is seeking to put at risk Motorola's confidential information – information that is already produced under protective orders in the United States – through its ex parte application to this Court.  The prejudice to Motorola is manifest.  Apple has failed to meet its burden of establishing that it is entitled to the requested information and that Motorola's confidences would be protected.  Apple's subpoena should quashed.

## **CONCLUSION**

For the reasons set forth above, Motorola Mobility, Inc. respectfully requests this Court to grant Nokia Inc.'s Motion to Quash Apple Inc.'s Subpoena (Doc. No. 4).

| | | |
|---|---|---|
| Dated: | February 21, 2012 | Respectfully Submitted |

MOTOROLA MOBILITY, INC.

By:   /s/ *Brian C. Cannon*
         Brian C. Cannon

QUINN EMANUEL
URQUHART & SULLIVAN, LLP
  Charles K. Verhoeven
    (CA Bar No. 170151)
  charlesverhoeven@quinnemanuel.com
  50 California Street, 22nd Floor
  San Francisco, California 94111
  Telephone:    (415) 875-6600
  Facsimile:    (415) 875-6700

  Edward J. DeFranco (CA Bar No. 165596)
  eddefranco@quinnemanuel.com
  51 Madison Avenue, 22nd Floor
  New York, New York 10010-1601
  Telephone:    (212) 849-7000
  Facsimile:    (212) 849-7100

  Brian C. Cannon (CA Bar No. 193071)
  briancannon@quinnemanuel.com
  555 Twin Dolphin Drive, 5th Floor
  Redwood Shores, CA 94065
  Telephone: (650) 801-5000
  Facsimile: (650) 801-5001

  *Attorneys for Non-party*
  *Motorola Mobility, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Non-party Motorola Mobility, Inc.'s Memorandum in Support of Nokia Inc.'s Motion to Quash Apple Inc.'s Subpoena has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure and Civil L.R. 5-6 on this 21st day of February 2012.

   /s/ *Brian C. Cannon*
     Brian C. Cannon